UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SCHWANDA BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No.: |
| **MIDLAND CREDIT** | ) |
| **MANAGEMENT, INC.; MIDLAND** | ) |
| **FUNDING, LLC; and ENCORE** | ) |
| **CAPITAL GROUP, INC,** | ) |
| | ) |
| **Defendants.** | ) |

## Complaint for Damages

Plaintiff Schwanda Brown ("Plaintiff") files her Complaint for Damages against the Defendant Midland Credit Management, Inc.; Midland Funding, LLC; and Encore Capital Group, Inc ("Defendants") for their willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA"), and Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq*. (hereinafter "FBPA").

## Jurisdiction

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This Court has subject matter jurisdiction of claims arising under the FDCPA which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5. Venue is proper in this Court because Defendants maintain their principle place of doing business and registered agents within this District.

## Parties

6. Plaintiff is a natural person residing in Bonaire, Georgia, which is located in Houston County, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

7. Plaintiff is a "consumer" as that term is defined by O.G.C.A. § 10-1-392(a)(6).

8. Defendants are debt collection companies operating within, and actively collecting consumer debts in, the State of Georgia, and are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Summons and Complaint may be served on Defendant Midland Funding LLC by service on its registered agent for service of process in Georgia,

Midland Credit Management, Inc at 260 Peachtree Street NW, Suite 2109, Atlanta, GA, 30303, or wherever they may be found.

10. Summons and Complaint may be served on Defendant Midland Credit Management, Inc. by service on its registered agent for service of process in Georgia, Midland Funding LLC at 260 Peachtree Street NW, Suite 2109, Atlanta, GA, 30303, or wherever they may be found.

11. Summons and Complaint may be served on Defendant Encore Capital Group Inc. by service on its registered agent for service of process in Delaware, Corporation Service Company at 251 Little Falls Drive, Wilmington, DE, 19808, or wherever they may be found.

12. Defendants directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia.

13. Defendants use the mails and interstate commerce in the collection of consumer debts regularly.

14. Defendants regularly contact consumers and attempt to collect debts from consumers residing in this judicial district.

15. Defendants' principle purpose is the collection of debts.

## Statutory Scheme

## The Fair Debt Collection Practices Act

16. Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

17. Debt is a big business in America. In the first quarter of 2017, U.S. household debt exceeded 12.73 trillion dollars.[1] This number exceeds the gross domestic product of China.[2] Credit card debt accounted for six percent or 763.8 billion dollars' worth of household debt. By April of 2017, the Federal Reserve reported Americans had the highest credit card debt in history as the number soared past the one trillion-dollar mark.[3]

---

[1] *Household Debt Makes a Comeback in the U.S.*, New York Times (May 2017) accessed on Mar. 4, 2018 at https://www.nytimes.com/2017/05/17/business/dealbook/household-debt-united-states.html

[2] *In Debt We Trust for U.S. Consumers With $12.7 Trillion Burden*, Bloomberg (Aug. 2017) accessed on Mar. 3, 2017 at https://www.bloomberg.com/news/articles/2017-08-10/in-debt-we-trust-for-u-s-consumers-with-12-7-trillion-burden

[3] *Americans Now Have the Highest Credit-card Debt in U.S. History*, Marketwatch (Aug. 2017) accessed on Mar. 4, 2017 at https://www.marketwatch.com/story/us-households-will-soon-have-as-much-debt-as-they-had-in-2008-2017-04-03

18. The frustration everyday Americans experience as the result of debt collection efforts was recently recognized by Justice Kavanaugh:

> Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints.
>
> For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones. But a 2015 amendment to the TCPA allows robocalls that are made to collect debts owed to or guaranteed by the Federal Government, including robocalls made to collect many student loan and mortgage debts.[4]

## The Georgia Fair Business Practices Act

19. The Georgia legislature enacted the GFBPA "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies."

20. The FDCPA and GFBPA all provide for enforcement of their respective protections and civil liability through consumers acting as private attorneys general.

---

[4] *Barr, et al. v. American Association of Political Consultants, Inc. et al.*, 591 U. S. ____ (2020).

## Facts Common to All Counts

21. Sometime prior to January 1, 2019, Plaintiff allegedly incurred a financial obligation (the "Alleged Debt") with Comenity Capital Bank.

22. The Alleged Debt is alleged to have arisen from one or more transactions.

23. The Alleged Debt was primarily for personal, family, or household purposes.

24. Defendants regularly engage in the collection of debts.

25. Defendants' principle purpose is the collection of debts like the Alleged Debt at issue.

26. The Alleged Debt was placed with, obtained by, or assigned to Defendants for the purpose of collecting or attempting to collect the Alleged Debt.

27. The Alleged Debt was in default or alleged to be in default at the time it was placed with, obtained by, or assigned to Defendants.

28. Defendant Midland Funding LLC does not grant credit.

29. Defendant Midland Credit Management, Inc. does not grant credit.

30. Defendant Midland Funding LLC only collects accounts that are in default.

31. Defendant Midland Credit Management, Inc. only collects accounts that are in default.

32. Defendant Midland Funding LLC does not service accounts for original creditors.

33. Defendant Midland Credit Management, Inc. does not service accounts for original creditors.

34. Defendant Midland Funding LLC is the same Midland Funding LLC licensed as a debt collector in the state of Minnesota under license number 40186303.

35. Defendant Midland Funding LLC is not allowed by contract to use the name of the original creditor in the caption of the case when they file suit against consumers.

36. Defendant Midland Funding LLC does not have any employees.

37. Both Defendant Midland Funding LLC and Defendant Midland Credit Management, Inc. are subsidiaries of Defendant Encore Capital Group, Inc. and act solely at the direction of Defendant Encore Capital Group, Inc.

38. On or about November 26, 2019 Defendants filed a lawsuit against Mrs. Brown in the State Court of Houston County (State Court Action).

39. The State Court Action was assigned a case number of 2019-V-51854.

40. This lawsuit was filed by Ashley Bowman-Dumitrascu (Bowman-Dumitrascu).

41. Bowman-Dumitrascu is an employee of Defendant Midland Credit Management, Inc.

42. None of the Defendants are a law firm.

43. Bowman-Dumitrascu is not an employee of Midland Funding LLC.

44. Bowman-Dumitrascu listed Defendant Midland Funding LLC as the Plaintiff in the State Court action.

45. Bowman-Dumitrascu knew she could not file a lawsuit as an employee of Midland Credit Management Inc. on behalf of Midland Funding LLC.

46. Bowman-Dumitrascu stated that she was in-house counsel for Midland Funding LLC.

47. Bowman-Dumitrascu was not in-house counsel for Midland Funding LLC.

48. Any money collected as part of a settlement or judgment in the State Court Action was to be paid to Midland Credit Management, Inc.

49. The balances identified in the State Court Action were not accurate.

50. Defendants had no authority to collect the amounts described in the State Court Action.

51. Defendants filed the State Court Action solely to get a default judgment against Mrs. Brown.

52. Defendants did not intend to take their claims against Plaintiff to a trial at which they would have to prove that their claims had merit, because they knew they could not do so. Defendants intended, instead, either to obtain a default judgment against Plaintiff or to enter into a voluntary settlement with her.

53. Despite being made aware of their malfeasance, Defendants refused to dismiss the State Action against Mrs. Brown.

54. As a result of Defendants' actions, Plaintiff suffered anxiety, unnecessary stress, frustration, loss of time, and had her statutory rights invaded.

55. As a result of Defendants' actions, Plaintiff incurred legal fees (including the costs of hiring an attorney to defend her) and expenses she would not have otherwise incurred to defend the State Action.

56. While Plaintiff seeks recovery for any statutory damages allowed by law as a result of Defendants' actions, this lawsuit is based on the actual damages suffered by her that she would not have suffered but for the actions of Defendants.

57. Plaintiff has also incurred legal fees and expenses she would not have otherwise incurred in acting a private attorney general to enforce the FDCPA and FBPA.

## Causes of Action

## Count I – Violations of the Fair Debt Collection Practices Act

## 15 U.S.C. §§ 1692 et seq.

58. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

59. The Alleged Debt identified in the State Court action filed by Defendants is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

60. Defendants are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

61. The State Court Action is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

62. Defendants violated 15 U.S.C. § 1692e by seeking to collect amounts Defendants were not authorized to collect.

63. Defendants violated 15 U.S.C. § 1692e by attempting to collect debts in a manner that expressly violates Georgia law.

64. Defendants violated 15 U.S.C. § 1692f by attempting to collect debts in a manner that expressly violates Georgia law.

65. As result of each Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## Count II – Georgia Fair Business Practices Act

## O.C.G.A. §§ 10-1-390 *et seq.*

66. Plaintiff is a "consumer" as that term is defined by O.C.G.A. § 10-1-393(a)(6).

67. A "consumer transaction" occurred, as that term is defined by O.C.G.A. § 10-1-393(a)(10), when Plaintiff entered into an agreement with the original creditor.

68. The collection of debt related to consumer transactions is also considered a "consumer transaction," as that term is defined by O.C.G.A. § 10-1-393(a)(10). *1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

69. Defendant Midland Credit Management Inc's misrepresentation of itself as a law firm, and the use of its employee in maintaining a lawsuit on behalf of Defendant Midland Funding LLC, violates Georgia's laws against champerty and maintenance and constitutes unfair or deceptive acts or practices in the conduct of consumer transactions.

70. Defendants' efforts to collect the incorrect amount from Plaintiff in the State Court Action, misrepresentation of the ownership and character of the

Alleged Debt, seeking to collect on the Alleged Debt to which it had no legal right under Georgia law, and the intentional bringing of a lawsuit for which it never intended to prove it had a right to bring, are an unfair and deceptive acts or practices in the conduct of consumer transactions.

71. Defendants' unfair and deceptive acts or practices in the conduct of consumer transactions violate Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq. (the "FBPA").

72. Plaintiff's counsel mailed an ante litem notice to Defendants Midland Funding LLC and Midland Credit Management Inc. by certified mail in compliance with O.C.G.A. § 10-1-393(a) on September 23, 2020.

73. Defendant's violation of the FPBA was done intentionally and willfully, was not the result of error, and was not in conformity with any law, regulation, consent order, or other promulgation of rules.

74. As a result of Defendants' unfair and deceptive acts or practices in the conduct of consumer transactions, Plaintiff suffered stress, anxiety, and emotional distress—otherwise known as garden-variety emotional distress—and incurred legal fees and costs to defend the State Court Action in an amount to be shown with more particularity at a later date.

75. Plaintiff is entitled to the trebling of any actual and statutory damages she sustained as a result of the Defendants' intentional and/or willful violations of

the FDCPA pursuant to O.C.G.A. § 10-1-399(c) and, reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) from Defendants.

### Count III – Punitive Damages under the FBPA

76. On information and belief, Plaintiff alleges that Defendants and their agents acted willfully and with malice, wantonness, oppression, or with that entire want of care which would raise the presumption of conscious indifference to the consequences of its actions, entitling Plaintiff to an award of punitive damages in an amount to be determined by the enlightened conscience of a jury.

77. Plaintiff has a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a) for intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq.

78. Plaintiff alleges Defendants' continued actions are intentional in nature and requests that this Court award Plaintiff exemplary damages, also known as punitive damages, in an amount to be determined by the enlightened conscious of a jury.

### Count IV – Common Law Tort Claim

79. Plaintiff has a common law right to be free from "unreasonable bill-collection procedures, e.g., making false statements, threats, and harassing telephone calls." *Dolanson Co. v. Citizens & S. Nat'l Bank*, 242 Ga. 681, 685

(1978) citing Blazer Financial Services of Ga. v. Stewart, 141 Ga. App. 156 ( (1977).

80. Defendants committed a tortious wrong when it engaged in the behavior listed in ¶¶ 61-63.

81. Plaintiff has suffered damages as a result of Defendants' unreasonable bill-collection procedures and is entitled to an award of damages in an amount to be determined by a jury.

### Demand for a Jury Trial

82. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays that this Court:

a) Find that Defendants' behavior violates the FDCPA;

b) Find that Defendants intentionally violated the FBPA;

c) Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by § 1692k(a) of the FDCPA;

d) Enter judgment in favor of Plaintiff and against Defendants for general damages, costs, and reasonable attorneys' fees as provided by §§ 10-1-399(a) and (d) of the FBPA;

e) Enter judgment in favor of Plaintiff and against Defendants for treble damages as provided by § 10-1-399(c).

f) Find Defendants jointly and severally liable for punitive damages in an amount to be determined by the enlightened conscious of a jury pursuant to Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(a) and O.C.G.A. § 51-12-5.1;

g) Enter judgment in favor of Plaintiff and against Defendants for interest in accordance with § 51-12-14(a) of the Unliquidated Damages Interest Act;

h) Enter judgment in favor of Plaintiff in an amount to offset any tax liability incurred by Plaintiff as a result of acting as a private attorney general and enforcing the FDCPA; and,

i) Grant such other and further relief as the Court may deem just, necessary or appropriate.

Submitted November 4, 2020.

**DANIELS LAW LLC**

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854
Counsel for Plaintiff

P.O. BOX 4939
Eastman, GA 31023
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

/s/ John William Nelson
John William Nelson
Georgia Bar No. 920108

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA            )
                            ) ss
COUNTY OF HOUSTON           )

Pursuant to 28 U.S.C. § 1746, Plaintiff Schwanda Brown, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     Nov 4, 2020            _____, _____
                Month                   Day            Year

_schwanda brown (Nov 4, 2020 12:10 EST)_____     SB
Signature

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 5.1(D), NDGa., I certify that this filing is prepared with one of the font and point selections approved by the Court in LR 5.1(C), NDGa. (formerly LR 5.1(B), NDGa.).

Submitted November 4, 2020.

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503